UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN MATTHEW BRADY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 17-1075 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On May 30, 2017, plaintiff Ben Matthew Brady filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 1, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 10, 2013, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on June 2, 2004, due to back and neck problems, a heart attack, and chronic depression. (Administrative Record ("AR") 33, 181, 210). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on September 23, 2015. (AR 52-94).

On December 18, 2015, the ALJ determined that plaintiff was not disabled through June 30, 2015 (*i.e.*, the "date last insured"). (AR 33-44). Specifically, the ALJ found that through the date last insured: (1) plaintiff suffered from the following severe impairments: schizoaffective disorder, bipolar disorder, polysubstance dependence, major depressive disorder, and scoliosis of the lumbar and thoracic spines (AR 36); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 36); (3) plaintiff retained the residual functional capacity to perform a range of light work (20 C.F.R. § 404.1567(b)) with additional limitations[1] (AR 37); (4) plaintiff was unable to perform any past relevant work (AR 42); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform,

---

[1] The ALJ determined that plaintiff (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could stand and/or walk for six hours, and sit for six hours in an eight-hour workday; (iii) could frequently walk on uneven terrain; (iv) could frequently climb ramps and stairs; (v) could not climb ladders, ropes, or scaffolds, and could not crawl; (vi) could frequently balance, stoop, kneel, and crouch; (vii) could not work at unprotected heights; (viii) was "limited to simple, routine tasks"; (ix) could "frequently respond appropriately to supervisors"; (x) could "respond appropriately to coworkers occasionally"; and (xi) could have no public contact. (AR 37).

specifically bench assembler, small products assembler, and inspector and hand packager (AR 43); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not credible to the extent the statements were inconsistent with the ALJ's residual functional capacity assessment. (AR 38).

On March 31, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual

functional capacity to perform past relevant work (step 4).  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy.  Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The standard of review in disability cases is "highly deferential."  Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at 674-75 (citations omitted).  Even when an ALJ's decision contains error, it must be affirmed if the error was harmless.  Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (citation and quotation marks omitted).  It is "more than a mere scintilla, but less than a preponderance."  Id.  When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]"  Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

### C. ALJ Evaluation of Medical Opinion Evidence

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the

opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ may reject the uncontroverted opinion of an examining physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where an examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

IV. DISCUSSION

Here, plaintiff contends that the ALJ failed properly to consider certain opinions set forth below which were provided by the consultative examining psychologists. (Plaintiff's Motion at 5-12).

///

In a November 6, 2013, report of a Psychological Evaluation of plaintiff, Dr. J. Zhang, an examining psychologist, opined, in pertinent part, that plaintiff had (1) "no impairment" in his "[a]bility to understand, remember, and carry out simple one to two-step work instructions[]"; (2) "[m]oderate impairment" in his "[a]bility to understand, remember, and carry out detailed and complex instructions[]"; and (3) "[m]oderate impairment" in his "ability to relate and interact appropriately with co-workers, supervisors, and the public[]" (collectively "Dr. Zhang's Opinions"). (AR 440).

In an April 27, 2014, report of a Psychological Evaluation of plaintiff, Dr. Rosa Colonna, an examining psychologist, opined, in pertinent part, that plaintiff (1) "would be able to understand, remember, and carry out short and simplistic instructions without difficulty[]"; (2) had "a mild to moderate inability to understand, remember, and carry out detailed instructions[]"; and (3) had "a moderate inability to interact appropriately with supervisors, coworkers, and peers[]" (collectively "Dr. Colonna's Opinions"). (AR 461).

For the reasons discussed below, plaintiff has not shown that a reversal or remand is required on the asserted basis.

### A. The ALJ Properly Evaluated the Opinion Evidence Regarding Plaintiff's Reasoning Abilities

Here, plaintiff argues that the ALJ erred because she failed to articulate any legally sufficient reason "for rejecting the limitations of simple one to two step work instruction opinion from Drs. Zhang and Colonna," and "[rejecting] the preclusion of 'one to two step work instructions' or 'carry out short simplistic instructions[,]'" and because the ALJ "failed to assess those identified limitations in the residual functional capacity[.]" (Plaintiff's Motion at 11-12). Plaintiff fails to show that the ALJ materially erred in evaluating such opinion evidence.

First, as defendant points out, plaintiff mischaracterizes the medical opinion evidence. Neither examining psychologist *limited* plaintiff to "simple one to two

6

step work instruction" as plaintiff asserts. Dr. Zhang merely opined that plaintiff had "[no] *impairment*" in such mental ability. (AR 440) (emphasis added). Dr. Colonna did not reference the ability to carry out "simple one to two step work instruction" at all. (AR 461). To the extent Dr. Colonna opined about plaintiff's ability to "understand, remember, and carry out short simplistic instructions[,]" the examining psychologist simply said that plaintiff could do so "*without difficulty*." (AR 461) (emphasis added). Hence, the ALJ did not err in failing to provide an explanation for rejecting such an alleged limitation, since there was no evidence to "reject." See generally Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must provide explanation only when rejecting "significant probative evidence") (citation omitted).

Second, to the extent the ALJ gave only "partial weight" to Dr. Zhang's and Dr. Colonna's Opinions, she did so for specific, and legitimate reasons supported by substantial evidence. As the ALJ indicated, Dr. Zhang expressly noted that the psychological testing scores appeared to be "invalid" which was "consistent with [plaintiff's] impaired mental status" (*i.e.*, during the evaluation plaintiff "seem[ed] to be intoxicated from either alcohol or other street drugs") and plaintiff's "poor effort." (AR 40, 438, 439). The ALJ was entitled to give less weight to the medical opinions on such basis. See Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ has "specific, legitimate reasons for discrediting" results of medical testing, in part, where ALJ finds that "claimant exaggerate[d] symptoms"); Bullene v. Astrue, 2013 WL 228642, *3 (W.D. Wash. Jan. 22, 2013) ("[T]he Ninth Circuit held that an ALJ may reject the opinion of an examiner when the claimant puts forth poor effort during examinations."); see, e.g., Jordan v. Colvin, 2016 WL 7093907, *4 (W.D. Wash. Dec. 5, 2016) (observing in dicta that "inaccurate test results [could] be a specific and legitimate reason to discount [the] opinions regarding Plaintiff's IQ [of examining psychologist]"). The state agency reviewing physician's opinions that plaintiff had the residual functional

capacity to "understand, retain, and carry out simple instructions" and "consistently and usefully perform routine tasks on a sustained basis with minimal (normal) supervision" (AR 119) are substantial evidence supporting the ALJ's evaluation of the medical opinion evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinions of nontreating or nonexamining doctors may serve as substantial evidence when supported by and consistent with other evidence in the record as a whole) (citation omitted); see, e.g., Sportsman v. Colvin, 637 Fed. Appx. 992, 995 (9th Cir. 2016) ("ALJ did not err in assigning substantial weight to the state agency medical consultant whose opinion relied on and was consistent with the medical evidence of record.") (citing id.).

Finally, substantial evidence supports the ALJ's determination that plaintiff was "limited to simple, routine tasks." (AR 37). For example, Drs. Zhang and Colonna opined that plaintiff's ability to understand, remember, and carry out "detailed" and/or "complex" work instructions, at most, had "[m]oderate impairment," which suggests that plaintiff retained even greater ability to process work instructions than the ALJ herself found. (AR 440, 461). To the extent plaintiff suggests that the medical opinion evidence reflects more severe mental limitations (Plaintiff's Motion at 10-12), this Court will not second guess the ALJ's reasonable determination that it does not, even if such evidence could give rise to inferences more favorable to plaintiff. See Trevizo, 871 F.3d at 674-75 (citations omitted).

Accordingly, a reversal or remand on this asserted ground is not appropriate.

**B.      The ALJ Properly Evaluated the Opinion Evidence Regarding Plaintiff's Ability to Interact with Supervisors**

Plaintiff also appears to argue that the ALJ's residual functional capacity failed properly to account for the opinions of Drs. Zhang and Colonna that

///

plaintiff had "moderate inability to interact appropriately with supervisors. . . ." (Plaintiff's Motion at 8-10). A reversal or remand is not warranted on this basis.

Here, the ALJ properly translated the above *medical* opinions regarding *limitations* in plaintiff's ability to interact with supervisors into an assessment of the *most* plaintiff remained able to do in a work setting despite such psychological limitation. See 20 C.F.R. § 404.1527(d)(2) (Social Security Commissioner has final responsibility for determining claimant's residual functional capacity); Social Security Ruling ("SSR") 96-5P, 1996 WL 374183, at *2 (Social Security regulations provide that final responsibility for determining residual functional capacity "reserved to the Commissioner"); see also 20 C.F.R. § 404.1545(a)(1) (residual functional capacity assessment represents "the most [a claimant] can still do despite [his or her] limitations"); SSR 96-8P, 1996 WL 374184, at *2 ("RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting. . . .") (emphasis in original). The ALJ's assessment that plaintiff could "frequently respond appropriately to supervisors" was (as the ALJ indicated) more restrictive than, and thus supported by the opinions of the state agency reviewing physicians who found no limitation at all in plaintiff's ability to respond to "normal" supervision. (AR 41, 119); see Tonapetyan, 242 F.3d at 1149 (citation omitted); Sportsman, 637 Fed. Appx. at 995 (citing id.). Plaintiff's currently asserted, lay reinterpretation of the same medical opinion evidence (Plaintiff's Motion at 8-10) provides no basis for finding error in the ALJ's otherwise reasonable assessment discussed above. See Trevizo, 871 F.3d at 674-75 (citations omitted); cf., e.g., Gonzalez Perez v. Secretary of Health & Human Services, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for the findings and opinion of a physician"); Cardone v. Colvin, 2014 WL 1516537, *5 (C.D. Cal. Apr. 18, 2014) (plaintiff's lay assessment of raw vocational data "unaccompanied by any analysis or explanation from a vocational expert or other expert source to put the raw data into context" insufficient to

undermine the reliability of the vocational expert's opinion regarding number of representative jobs in national economy which ALJ adopted at step five).

Accordingly, a reversal or remand on this asserted ground is not appropriate.

## V.  CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 27, 2018

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE